UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Landscaping with Hart LLC<br><br>Plaintiff,<br><br>v.<br><br>Harts Landscaping and Lawn Services LLC<br><br>Defendant. | **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND CANCELLATION**<br><br>Civil Action No.<br><br>JURY TRIAL DEMANDED |

Plaintiff Landscaping with Hart LLC ("Landscaping with Hart" or "Plaintiff") for its Complaint against Defendant Harts Landscaping and Lawn Services LLC ("Harts Landscaping" or "Defendant"), alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

## STATEMENT OF THE CASE

1. This is an action for federal trademark infringement, false designation of origin, and unfair competition in violation of the Federal Lanham Act, 15 U.S.C. § 1051 et seq., infringement of common law trademark rights, and unfair competition in violation of Connecticut Unfair Trade Practices Act, against Harts Landscaping for improper and unauthorized commercial use and exploitation of Landscaping with Hart's trademarks on or in connection with the offer for sale, sale, promotion, advertising, and distribution of infringing products and/or services.

2. Landscaping with Hart hereby seeks, inter alia, a permanent injunction against Harts Landscaping's continued unauthorized, improper and willful commercial use and exploitation of the Landscaping with Hart trademarks; all damages and profits arising from Harts

Landscaping's past and present infringement, including all statutory damages; Landscaping with Hart's attorneys' fees and costs incurred in bringing this suit to enforce its rights; and other monetary relief.

## PARTIES

3. Landscaping with Hart LLC is a limited liability company organized under the laws of Connecticut having a place of business at 178 Race Hill Rd, Guilford, CT 06437.

4. Upon information and belief, Harts Landscaping LLC is a limited liability company organized under the laws of Connecticut having a place of business at 75 River Street, Baltic, Connecticut 06330.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 15 U.S.C. §§ 1119 and 1121, 28 U.S.C. § 1331, and 1338 over Plaintiff's claims of federal trademark infringement, false designation of origin, and unfair competition, which arise under the Lanham Act, 15 U.S.C. §§ 1051 et seq.

6. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over Plaintiff's state law claims.

7. The Court's authority to award the requested equitable relief can be found at least in 15 U.S.C. § 1116(a), 28 U.S.C. § 1651(a), and this Court's inherent equitable power.

8. Upon information and belief, this Court has jurisdiction over Defendant by virtue of its systematic and continuous contacts with Connecticut, and because Defendant (1) is a Connecticut limited liability company, (2) has registered a business address in Baltic, Connecticut, (3) has transacted and done business in this District, (4) solicited consumers in this District, (5) has offered to sell or have sold goods or services in this District, (6) committed tortious acts within Connecticut, and (7) has websites that are accessible in this District.

9.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides in this District, a substantial part of the wrongful events giving rise to this action took place in this District, and Plaintiff has suffered harm in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Plaintiff's Trademarks

10.     Plaintiff was founded in 2011 and is a premier landscaping services provider based in Connecticut.

11.     Plaintiff offers comprehensive landscaping solutions including lawn maintenance, hardscaping, plant and tree installations, and seasonal care to residential and commercial clients throughout Connecticut.

12.     Plaintiff is recognized for its quality workmanship, reliability, and exceptional customer service in the landscaping industry.

13.     Since 2011, Plaintiff has prominently and consistently used its HART and LANDSCAPING WITH HART trademarks to distinguish its products and services, emphasizing both the quality of its landscaping offerings and its innovative approach to outdoor design solutions.

14.     Plaintiff is the owner of the following United States trademark registration for LANDSCAPING WITH HART:

| Mark | Reg. No. | Goods and Services |
|---|---|---|
| LANDSCAPING WITH HART LLC | 5606089 | IC 044 Landscape design; Landscape gardening design for others; Lawn care |

15. This registration has become incontestable under federal trademark law. A copy of the registration from the USPTO is attached as Exhibit A and is incorporated herein by reference.

16. Plaintiff has extensive common law rights in the HART and LANDSCAPING WITH HART marks through continuous and exclusive use in Connecticut in connection with its services since at least as early as 2011.

17. Plaintiff's family of HART and LANDSCAPING WITH HART marks, including federal registrations and common law marks, are individually and collectively referred to as the Hart Mark.

18. The Hart Mark has been in extensive and continuous use in U.S. commerce in connection with landscaping services since at least as early as 2011. Due to such extensive and continuous use, Plaintiff has developed consumer recognition of and goodwill in the Hart Mark.

19. Plaintiff possesses all rights, titles and interests in and to the federal trademark registrations for the Hart Mark based on the continuous use of the marks in the U.S. by Plaintiff since 2011 in connection with the aforementioned services.

20. Plaintiff has never abandoned its use of the Hart Mark for the aforementioned services.

21. Plaintiff is responsible for maintaining control over the quality of services offered under the Hart Mark.

22. Plaintiff has built a strong reputation for quality workmanship, reliability, and exceptional customer service in the landscaping industry.

23. Plaintiff operates a website, available at www.landscapingwithhartllc.com to offer its services prominently under Plaintiff's Hart Marks.

24. Plaintiff's Hart Mark is a distinctive trademark to both the public and those in the trade in connection with Plaintiff's products and services. Plaintiff's Hart Mark serves primarily as designators of origin of products and services originating from, or sponsored or licensed by, Plaintiff.

25. As a result of the widespread use and display of the Hart Mark, both the public and those in the trade use the Hart Mark to identify and refer to Plaintiff's products and services.

### B. Defendant's Infringing Activities and Bad Faith Conduct

26. Upon information and belief, Defendant offers landscaping services.

27. Upon information and belief, Defendant offers comprehensive landscaping solutions including lawn maintenance, hardscaping, plant and tree installations, and seasonal care to residential and commercial clients throughout Connecticut.

28. Upon information and belief, Defendant offers its services and products to consumers in Connecticut.

29. Upon information and belief, Defendant owns, operates, and manages the interactive website available at www.hartslandscapingllc.com and via a Facebook page available at https://www.facebook.com/hartslscaping/ where it promotes, advertises, distributes, offers for sale, and sells its landscaping services. These websites are publicly accessible to consumers in Connecticut and those throughout the U.S.

30. Upon information and belief, long after Plaintiff's adoption and first use of the Hart Mark in commerce, in or about 2023, Defendant first began using the Infringing Mark in connection with its landscaping services.

31. Upon information and belief, Defendant is offering its landscaping services under the HARTS and HARTS LANDSCAPING marks ("Infringing Mark").

5

32. Defendant's Infringing Mark is confusingly similar to Plaintiff's Hart Mark.

33. The parties' landscaping services provided under their respective marks are essentially identical.

34. To date, Defendant continues to use and prominently display on its website, without authorization from Plaintiff, the Infringing Mark in connection with its services.

35. Defendant is not now, nor has it ever been associated, affiliated, connected with, endorsed, or sanctioned by Plaintiff.

36. Plaintiff is not able to monitor, enforce or maintain its quality control standards on services identical to those of Plaintiff that Defendant offers for sale and is selling.

37. Upon information and belief, Defendant's use of the Infringing Mark in the manner described herein creates the wrongful impression that Defendant is authorized, sponsored, or approved by Plaintiff, even though it is not. This confusion causes irreparable harm to Plaintiff and the Hart Mark.

38. Upon information and belief, Defendant's use of the Infringing Mark in the manner described above is likely to confuse customers and potential customers as to whether some affiliation, connection or association exists between Defendant and Plaintiff, or as to the origin, sponsorship, or approval of the goods and/or services offered by Defendant.

39. Upon information and belief, Defendant's use of the Infringing Mark in the manner described above falsely indicates to the purchasing public that the services of Defendant originate with Plaintiff, or are affiliated, connected or associated with Plaintiff, or are sponsored, endorsed, or approved by Plaintiff, or are in some manner related to Plaintiff.

40. Upon information and belief, Defendant's use of the Infringing Mark in the manner described above falsely designates the origin of the goods and services of Defendant, and

falsely and misleadingly describes and represents material facts with respect to the services, websites and/or commercial activities of Defendant.

41.     The similarity between LANDSCAPING WITH HART and HARTS LANDSCAPING has resulted in documented instances of actual confusion among consumers, suppliers, and service providers. Plaintiff has received reports of misdirected communications, mistaken suppliers, and confused customers who have contacted Plaintiff believing they were contacting Defendant, and vice versa. Additionally, both companies operating in the same geographic region with nearly identical service offerings substantially increases the likelihood of continued consumer confusion.

42.     Upon information and belief, Defendant has been unjustly enriched by the illegal use and misappropriation of Plaintiff's Mark for its own financial gain. Additionally, upon information and belief, Defendant has unfairly benefited and profited from Plaintiff's outstanding reputation, as well as its significant advertising and promotion of its services and its Hart Mark.

43.     Upon information and belief, Defendant's infringing acts are willful and deliberate. Defendant has actual knowledge of the Plaintiff Mark, and of Defendant's confusingly similar use of its marks, but Defendant refused to cease and desist from its infringement when asked to do so. This case constitutes an exceptional case under 15 U.S.C. § 1117(a).

44.     Upon information and belief, Defendant's infringing acts will continue unless enjoined by this Court.

45.     Plaintiff has no adequate remedy at law for Defendant's infringing acts.

## COUNT I
### Trademark Infringement Under Section 32 of the Lanham Act, 15 U.S.C. § 1114

46. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

47. Plaintiff's Mark and the goodwill of the business associated therewith in the U.S. are of great and significant value, and are highly distinctive of the services associated with Plaintiff's Mark.

48. Defendant's use of the Infringing Mark trades upon the goodwill associated with the Plaintiff's Mark.

49. Defendant's actions described above have caused, will continue to cause, and/or are likely to cause confusion and mistake and to deceive potential customers and the general purchasing public as to the source, origin, or sponsorship of Defendant's services, and are likely to deceive the public into believing that the services offered and sold by Defendant are sponsored or authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill, and sales.

50. Defendant's actions constitute infringement of Plaintiff's Mark, the full extent of which is presently unknown but is substantial. Defendant's actions have caused damage to Plaintiff and the substantial business and goodwill symbolized by Plaintiff's Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

51. Upon information and belief, Defendant has earned profits resulting from its unauthorized use of Plaintiff's Mark.

52. Defendant's actions described above, including the unauthorized use of Plaintiff's Mark in interstate commerce, have caused, and, unless restrained will continue to cause, great and irreparable injury to Plaintiff, to Plaintiff's Mark, and to the business and goodwill represented thereby, leaving Plaintiff with no adequate remedy at law.

53. Defendant's infringement will continue unless enjoined by the Court.

## COUNT II
### False Designation of Origin and Unfair Competition Under Section 43 of the Lanham Act, 15 U.S.C. § 1125

54. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

55. Plaintiff's Mark is entitled to protection under Section 43(a) of the Lanham Act.

56. Upon information and belief, Defendant has used, is using, and intends to continue using, now and in the future, the Infringing Mark in commerce for the offer and provision of goods and services in such a way that has caused, will continue to cause, and/or is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

57. Upon information and belief, Defendant's use of the Infringing Mark for the offer and provision of goods and services has caused, will continue to cause, and/or is likely to cause confusion of the relevant public and trade.

58. Defendant's use of Plaintiff's Mark trades upon the associated goodwill.

59. Plaintiff has been damaged, and will continue to be damaged by the confusion, mistake, and deception caused by Defendant's use of the Infringing Mark.

60. Upon information and belief, Defendant has earned profits resulting from its use of the Infringing Mark.

61. Any defect, objection to, or fault found with Defendant's goods and services sold or provided under the Infringing Mark would necessarily reflect on and seriously injure the reputation Plaintiff has established for Plaintiff's Mark and business.

62. Plaintiff does not consent to or authorize, and has never consented to or authorized, Defendant's adoption or commercial use of Plaintiff's Mark for the aforementioned services, or any others. Defendant therefore has infringed and is infringing Plaintiff's Mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

63. Upon information and belief, at all times relevant to this action, including when Defendant first started to use the Infringing Mark and commenced commercial use of the Infringing Mark on the aforementioned services, Defendant knew of the prior adoption and widespread commercial use of Plaintiff's Mark, and Defendant knew of the valuable goodwill and reputation acquired by Plaintiff in connection with Plaintiff's Mark. Defendant's infringement of Plaintiff's Mark is therefore willful.

64. Upon information and belief, Defendant, even after having knowledge of and/or being placed on notice of Plaintiff's rights, continues to use the Infringing Mark in commerce. Defendant's infringement of Plaintiff's Mark is therefore willful.

65. Upon information and belief, Defendant's use of the Infringing Mark has caused, will cause, and/or is likely to cause confusion, mistake, and deception by purchasers as to the source of origin of Defendant's infringing services. Defendant's use and promotion of marks confusingly similar to Plaintiff's Mark to identify Defendant's products and services will likely cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of Plaintiff with Defendant, or as to the origin, sponsorship or approval by Plaintiff of Defendant's services.

66. Defendant's use of the accused marks constitutes a false description of origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

67. Defendant's infringement will continue unless enjoined by the Court.

## COUNT III
## Common Law Trademark Infringement

68. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

69. This claim is against Defendant for common law trademark infringement.

70. In addition to the federal registration owned by Plaintiff, as set forth above, Plaintiff's Hart Mark enjoys common law rights in Connecticut and throughout the United States. These rights are senior and superior to any rights which Defendant may claim.

71. Defendant's use of the Infringing Mark is unauthorized and intentionally designed to mimic Plaintiff's Hart Mark so as to cause confusion regarding Defendant's affiliation, association and/or sponsorship by Plaintiff and likely to cause confusion that Defendant's services are approved by Plaintiff, all to the detriment of Plaintiff.

72. As a direct and proximate result of Defendant's infringement, Plaintiff has been damaged by Defendant's infringing acts.

73. Defendant's illegal conduct has been carried out with knowledge of Plaintiff's rights, and with a willful and conscious disregard of Plaintiff's rights. Defendant has subjected Plaintiff to unjust hardship in conscious disregard of Plaintiff's rights.

74. Defendant's infringement will continue unless enjoined by the Court. for common law trademark infringement.

75. In addition to the federal registrations owned by Landscaping with Hart, as set forth above, Plaintiff's Hart Marks enjoy common law rights in Connecticut and throughout the United States. These rights are senior and superior to any rights which Harts Landscaping may claim.

76. Harts Landscaping's use of the Infringing Mark is unauthorized and intentionally designed to mimic Plaintiff's Hart Marks so as to cause confusion regarding Harts Landscaping's affiliation, association and/or sponsorship by Landscaping with Hart and likely to cause confusion that Harts Landscaping's services are approved by Landscaping with Hart, all to the detriment of Landscaping with Hart.

77. As a direct and proximate result of Harts Landscaping's infringement, Landscaping with Hart has been damaged by Harts Landscaping's infringing acts.

78. Harts Landscaping's illegal conduct has been carried out with knowledge of Landscaping with Hart's rights, and with a willful and conscious disregard of Landscaping with Hart's rights. Harts Landscaping has subjected Landscaping with Hart to unjust hardship in conscious disregard of Landscaping with Hart's rights.

79. Harts Landscaping's infringement will continue unless enjoined by the Court.

### COUNT IV
### Unfair Trade Practices Under Connecticut
### Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a et seq.

80. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

81. This claim is against Defendant for unfair competition and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a et seq.

82. Plaintiff and Defendant are both engaged in the conduct of trade or commerce within the State of Connecticut as defined by CUTPA.

83. Defendant's conduct constitutes unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of CUTPA, Conn. Gen. Stat. § 42-110b.

84. Defendant's acts of trademark infringement, unfair competition, and unfair or deceptive business practices include, but are not limited to:

   a. Using the Infringing Mark in direct competition with Plaintiff's established landscaping services in Connecticut;

   b. adopting and using the Infringing Mark with knowledge of Plaintiff's rights in the Plaintiff's Mark;

   c. Trading on the goodwill and reputation associated with Plaintiff's Hart Mark;

   d. Creating actual confusion among consumers and other persons in the landscaping industry; and

   e. Continuing to use the Infringing Mark despite receiving notice from Plaintiff and being aware of Plaintiff's rights.

85. Defendant's conduct offends public policy as established by common law, statutes, and other established concepts of unfairness.

86. Defendant's acts and practices are immoral, unethical, oppressive, and unscrupulous.

87. Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and to its business and property, including injury to its goodwill and reputation.

88. Defendant has engaged in these unfair and deceptive practices willfully and knowingly.

89. As a direct and proximate result of Defendant's unfair competition and unfair or deceptive trade practices, Plaintiff has suffered and will continue to suffer damages, including but not limited to, loss of goodwill, loss of business reputation, loss of business, and loss of profits.

90. By reason of the foregoing, Plaintiff is entitled to recover its actual damages, punitive damages, costs, and reasonable attorneys' fees pursuant to Conn. Gen. Stat. § 42-110g.

91. Plaintiff has no adequate remedy at law for Defendant's unfair competition and unfair or deceptive trade practices. for common law trademark infringement.

92. In addition to the federal registration owned by Landscaping with Hart, as set forth above, Plaintiff's Mark enjoy common law rights in Connecticut and throughout the United States. These rights are senior and superior to any rights which Harts Landscaping may claim.

93. Harts Landscaping's infringement will continue unless enjoined by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. That judgment be entered in favor of Plaintiff and against Defendant on each and every Count in this Complaint;

2. For entry of an order and judgment enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all persons in active concert or participation with any of them, during the pendency of this action and permanently thereafter from:

    a. advertising, marketing, promoting, selling, offering for sale or authorizing any third party to advertise, market, promote, sell and offer for sale any goods or services bearing the Plaintiff's Mark, the Infringing Mark, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's Mark;

    b. engaging in any activity that infringes Plaintiff's rights in the Plaintiff's Mark;

    c. engaging in any activity that constitutes unfair competition with Plaintiff;

    d. using or authorizing any third party to use any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendant's products, services, or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiff;

    e. making or displaying any statement, representation, or depiction that is likely to lead the public or those in the trade to believe that the products or services promoted, offered, or sponsored by Defendant are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff, or that Plaintiff's products and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

    f. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Plaintiff's Mark or any other mark that infringes or is likely to be confused with the Plaintiff's Mark, or any products or services of Plaintiff; and

    g. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs, or effecting any assignments or transfers, forming new entities or associations, or

      utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in above subparagraphs;

3. For an order directing Defendant to file with the Court and serve on counsel for Plaintiff within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement setting forth in detail the manner and form in which Defendant has complied with the injunction which the Court may enter in this action;

4. For an order directing Defendant to account to Plaintiff for Defendant's profits and order that Plaintiff recover its damages arising out of the acts of deception and infringement described above, at a sum equal to three times such profits or damages (whichever is greater);

5. Award Plaintiff punitive damages on account of Defendant's gross, wanton, willful, and malicious conduct;

6. For an order directing Defendant to deliver up for destruction any and all products, circulars, price lists, labels, brochures, business cards, signs, prints, packages, wrappers, pouches, advertising matter, promotional materials, and other materials in the possession or control of Defendant bearing the Infringing Mark, the Plaintiff's Mark, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiff's Mark;

7. For reasonable attorney's fees along with the costs and disbursements incurred herein as a result of Defendant's intentional and willful infringement, pursuant to at least 15 U.S.C. § 1117, 15 U.S.C. § 1125, and other applicable law;

8. For prejudgment interest at the rate provided by law;

9. For post-judgment interest at the rate provided by law;

10. For such other and further relief as the Court deems just and proper or otherwise

provided by law.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

Date: May 27, 2025  /ww/
Walter B. Welsh
Welsh IP Law LLC
PO Box 1267
Darien, CT 06820
Tel: 203-321-6303

Email: litigation@welshiplaw.com
walter@welshiplaw.com

ATTORNEYS FOR PLAINTIFF